DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant, Tommy Gamble, appeals from his conviction in the Lorain County Court of Common Pleas for aggravated robbery with a firearm specification. We affirm.
The defendant was convicted of robbing Clinton Carter at gunpoint on October 12, 1996, four months prior to the defendant's eighteenth birthday. The victim was returning home from a local bar and had stopped at a friend's house, hoping to obtain a ride home. Mr. Carter's friend, Crystal Champion, was not at home, but Manoah Brown and the defendant were standing on the porch. They talked for a few minutes, and Manoah Brown, who was babysitting at the home, allowed Mr. Carter to use the telephone. Mr. Carter then left for his home. A few minutes later, Mr. Carter was approached from behind and a gun was thrust in the left side of his lower back. The robber demanded money and began to search Mr. Carter. Mr. Carter gave the man his wallet and the robber left.
Mr. Carter returned home and immediately called the police. Mr. Carter told the police that he recognized his assailant as the defendant, whom he had just met ten minutes prior to the robbery. When the police went to Ms. Champion's home to investigate, she provided the officers with Mr. Carter's wallet. She claimed that the defendant had stated that he had found it on the sidewalk nearby. Upon further investigation, the police discovered a .32 caliber, chrome-plated revolver in Mr. Brown's jacket. Mr. Carter accompanied the officers across the street to the defendant's home, where he positively identified the defendant as the person who had robbed him.
A complaint was filed in the juvenile court against the defendant for aggravated robbery with a gun specification. The State moved to transfer the juvenile for prosecution as an adult pursuant to R.C. 2151.26. A probable cause hearing was held and the defendant was transferred to the Lorain County Court of Common Pleas. After a jury trial, the defendant was found guilty and sentenced to five years in prison. The defendant now appeals, raising four assignments of error.
 ASSIGNMENT OF ERROR I
The Juvenile Court erred to the prejudice of the [defendant] and in violation of rights conferred by Article I Section 16
of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution when it relinquished jurisdiction and failed to comply with the requirements of Rule 30 of the Rules of Juvenile Procedure and improperly gave the trial court subject matter jurisdiction over the [defendant's] case.
In the first assignment of error the defendant maintains that the juvenile court did not comply with the requirements of Juvenile Rule 30 before effectuating a bindover from the juvenile court to the common pleas court. The defendant argues that Juvenile Rule 30 requires a juvenile court to conduct a full investigation, with mental and physical examinations, and hold an amenability hearing, before a juvenile may be bound over. Because the juvenile court did not do this, the defendant contends that the bindover was improper and that the trial court did not have subject matter jurisdiction over the defendant. We disagree.
A careful reading of the Juvenile Rules that were in effect at the time the defendant committed the offense indicates that the above investigative proceedings are only applicable to transfers which are within the juvenile court's discretion, "[i]n any proceeding where the court may transfer a child fifteen or more years of age for prosecution as an adult * * *." Juv.R. 30(A). (Emphasis added.) The defendant in this case was bound over to be tried as an adult under R.C. 2151.26. This statute was amended, effective January 1, 1996, to make bindover mandatory in an increased number of cases, including where the juvenile utilizes a firearm in the commission of certain enumerated serious offenses. The statute states that, "the court at a hearing shall transfer the case for criminal prosecution * * * if there is probable cause to believe that the child committed the act charged * * *" and if one or more of certain criteria apply. R.C. 2151.26(B). (Emphasis added.) The defendant was bound over under Section (4)(b), which is applicable where the act charged is a category two offense (which includes aggravated robbery, R.C. 2911.01), the child is at least sixteen years of age, and:
 The child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged.
R.C. 2151.26(B)(4)(b).
Because this case involved a mandatory bindover, the investigative procedures outlined in Juvenile Rule 30 pertaining to discretionary bindovers were not required.[1] All that was necessary pursuant to R.C. 2151.26 was for the juvenile court to find that probable cause existed that the defendant had committed the crimes charged.
We find that the juvenile court fully complied with all of the procedural requirements necessary for a mandatory bindover under R.C. 2151.26. The first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
[Defendant's] right to Due Process of Law, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Sections 10 and 16 of the Ohio Constitution, was denied when he was convicted of and sentenced for the crime of: [sic] Aggravated Robbery on evidence which was insufficient as a matter of law.
The applicable standard for determining whether a conviction is supported by sufficient evidence has been set forth by the Ohio Supreme Court:
 The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. Simply stated, when reviewing for sufficiency, courts are to assess whether, if believed, the evidence against a defendant would support a conviction. See State v. Thompkins
(1997), 78 Ohio St.3d 380, 390 (Cook and Stratton, JJ., concurring).
The defendant contends that there was insufficient evidence from which the jury could find beyond a reasonable doubt that he committed the crime. We disagree. The prosecution is required to prove each element of the charged crime beyond a reasonable doubt.In re Winship (1970), 397 U.S. 358, 364, 25 L.Ed.2d 368, 375. According to R.C. 2911.01, the elements of Aggravated Robbery are (1) no person, (2) in attempting or committing a theft, or fleeing immediately after such an attempt or offense shall do the following: (a) have a deadly weapon on or about his person, or (b) inflict or attempt to inflict serious bodily harm on another. These elements may be established by direct evidence, circumstantial evidence, or both. State v. Durr (1991), 58 Ohio St.3d 86,92.
In the case at bar, the prosecution sustained its burden. The State offered direct testimony from the victim identifying the defendant as the perpetrator. Mr. Carter testified that he spun around, looked at the defendant and saw the gun he was wielding. The prosecution also offered evidence that the gun was found in the defendant's friend's pocket just minutes after the robbery. The defendant had access to the weapon at all times. Moreover, the police recovered Mr. Carter's wallet from where the defendant had taken it.
"Sufficiency" denotes the legal standard which is applied to determine whether the evidence is legally sufficient as a matter of law to support the jury verdict. State v. Thompkins, supra, at 386. It is a test of "adequacy." Id. We find the foregoing evidence was adequate and sufficient as a matter of law to establish all the elements of the crime and support the defendant's conviction of Aggravated Robbery. The second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
[Defendant's] conviction and sentence for the crime of Aggravated Robbery was against the manifest weight of the evidence.
Having found there was sufficient evidence to support the conviction as a matter of law, supra, we consider the defendant's claim that the jury's verdict was against the manifest weight of the evidence. A court of appeals may determine that the judgment of the trial court is sustained by sufficient evidence, but may nevertheless conclude that the judgment is against the manifest weight of the evidence. State v. Thompkins (1997), 78 Ohio St.3d 380,387. The standard for determining whether a conviction is against the manifest weight of the evidence is as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
Id. quoting State v. Martin (1983), 20 Ohio App.3d 172, 175;State v. Otten (1986), 33 Ohio App.3d 339, 340. We may invoke this discretionary power to grant a new trial only in the exceptional case where the evidence presented weighs heavily against the conviction. See Thompkins, supra, at 387; Martin,supra, at 175. A review of the entire record fails to persuade us that the jury lost its way and created a manifest miscarriage of justice.
The defendant contends that the prosecution did not present proof that he ever had control of the gun. Nonetheless, the victim specifically described the weapon used in the robbery as chrome with a chain wrapped around the stock. The gun recovered fits such a description. The defendant also points to the fact the gun was never fingerprinted. As the prosecution noted, there are many reasons why a gun might not be fingerprinted. Regardless, no such information was offered into evidence and it was not for the jury to speculate on the issue. The jury was presented with an eyewitness identifying the defendant as the person using the gun to commit the aggravated robbery.
The defendant further asserts that the victim's identification of him as the robber is not credible. To determine the reliability of an identification, the court must consider five factors: (1) the opportunity of the witness to view the defendant at the time of the incident; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the defendant; (4) the witness' certainty in identifying the defendant; and, (5) the length of time which elapsed from the crime and the identification. State v. Davis (1996), 76 Ohio St.3d 107,113.
In this case, the victim had an opportunity to view the robber. The area in which the incident took place was well lit. The night sky was clear, the stars were out, and the victim and his assailant were under a street light. When the gun was thrust into his lower ribs, Mr. Carter turned around, saw his assailant and immediately recognized the defendant. Mr. Carter's identification of his assailant is buttressed by the fact he took the police directly to Ms. Champion's house, where he had first seen the defendant, in search of his robber.
Moreover, at trial, when asked if he was sure the defendant was the robber, Mr. Carter stated he was "positive." The defendant argues that because the gun was not found in his possession, someone else, namely Mr. Brown, could have committed the crime. He also argues that there was not proper identification of the defendant as the robber. However, Mr. Carter's testimony excluded Mr. Brown as the person under the light with the gun. Indeed, Mr. Carter had no problem identifying the defendant and was quite certain he was the offender.
Finally, the lapse of time between the incident and the victim's positive identification of the defendant was minimal. The victim went straight home and called the police. The police apprehended the defendant at his home shortly thereafter.
The weight of the evidence concerns the inclination of the greater amount of credible evidence to one side of the issue rather than the other. See State v. Thompkins, supra, at 387. The greater amount of the evidence presented by the prosecution, in light of the foregoing factors, persuades us that the jury clearly was justified in its verdict. The conviction was in fact supported by the manifest weight of the evidence. The third assignment of error is overruled.
 ASSIGNMENT OF ERROR IV
R.C. 2151.26 is unconstitutionally vague and violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 16, of the Ohio Constitution.
The defendant asserts that R.C. 2151.26 is unconstitutionally vague. This claim should have been raised at the trial level. "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." State v. Awan
(1986), 22 Ohio St.3d 120, syllabus; State v. Woodards (1966)6 Ohio St.2d 14, certiorari denied (1966), 385 U.S. 930,17 L.Ed.2d 212.
The record is void of any claim of unconstitutionality. Any such issue was readily apparent in both the Juvenile and General Division of the Lorain County Court of Common Pleas. Clearly, the defendant waived his claim that R.C. 2151.26 is unconstitutionally vague. The issue is not subject to review by this court and accordingly, the defendant's fourth assignment of error is overruled.
The defendant's four assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ LYNN C. SLABY
FOR THE COURT
REECE, J.
DICKINSON, J. CONCUR.
[1] Effective July 1, 1997, the Juv.R. 30 was amended to specify the different procedural requirements applicable to discretionary versus mandatory bindovers:
 (B) Mandatory Transfer. In any proceeding in which transfer of a case for criminal prosecution is required by statute upon a finding of probable cause, the order of transfer shall be entered upon a finding of probable cause.
 (C) Discretionary Transfer. In any proceeding in which transfer of a case for criminal prosecution is permitted, but not required, by statute, and in which probable cause is found at the preliminary hearing, the court shall continue the proceeding for full investigation. The investigation shall include a mental examination * * * [and] an amenability hearing shall be held * * *.